IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 10-cv-00306-LTB-KLM

VELMA UNDERWOOD,

        Plaintiff,

v.

THE GEO GROUP, INC.,

        Defendant.
_____

ORDER
_____

This matter is before me on a Motion For Partial Dismissal [**Doc # 5**] filed by Defendant, The GEO Group, Inc. ("GEO"), in which it seeks dismissal of some of the claims asserted against it by Plaintiff, Velma Underwood, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Oral arguments would not materially assist me in the determination of this motion. After consideration of the parties' arguments, and for the reasons stated below, I GRANT IN PART and DENY IN PART the motion as follows.

## I. BACKGROUND

This case involves Plaintiff's claims of employment discrimination asserted against GEO, her former employer. GEO operates a private secure detention center that provides housing to alleged illegal aliens awaiting administrative hearings pertaining to deportation. Plaintiff is an African-American female who began employment at GEO, as a detention officer, on or about January 19, 2001 until her termination on July 28, 2008.

Thereafter, on February 12, 2010, Plaintiff filed her complaint against GEO. In it she seeks damages for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.* ("Title VII"), and the Civil Rights Acts of 1991, 42 U.S.C. § 1981 ("§ 1981"), for: Racially Hostile Work Environment (First Claim for Relief); Discrimination in Terms and Conditions of Employment (Second Claim for Relief); Discrimination in Discharge (Third Claim for Relief); Discrimination in Failure to Promote (Fourth Claim for Relief); and Retaliation (Fifth Claim for Relief). Plaintiff's complaint also asserts Wrongful Termination in Violation of the Family Medical Leave Act (Sixth Claim for Relief), as well as state law claims for Wrongful Termination in Violation of Public Policy (Seventh Claim for Relief) and for Outrageous Conduct (Eighth Claim for Relief)

In this Motion for Partial Dismissal, GEO seeks dismissal of some of Plaintiff's employment discrimination claims for failure to exhaust administrative remedies, pursuant to Fed. R. Civ. P. 12(b)(1), and for failure to state a claim for relief or to comply with the statute of limitations, pursuant to Fed. R. Civ. P. 12(b)(6).

## II. FED. R. CIV. P. 12(b)(1)

Fed. R. Civ. P. 12(b)(1) requires a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Jurisdictional issues must be addressed at the beginning of every case and, if jurisdiction is found to be lacking, the case or claim comes to an immediate end. *In re Franklin Savings Corp.*, 385 F.3d 1279, 1286 (10th Cir. 2004). It is the plaintiff's burden to establish this Court's subject matter jurisdiction over his or her claims. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998).

When analyzing a motion to dismiss filed pursuant to Fed.R.Civ.P. 12(b)(1), "a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. . . . A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Documents appropriate for consideration in determining jurisdiction under Fed. R. Civ. P. 12(b)(1) include the underlying EEOC charge. *See e.g. Jones v. Runyon,* 91 F.3d 1398, 1400 (10th Cir.1996); *Jenkins v. Educational Credit Management Corp.,* 212 Fed.Appx. 729, 732 (10th Cir. 2007)(not selected for publication).

**A. First Cause of Action: Racially Hostile Work Environment - Title VII**

In the first cause of action of her complaint, Plaintiff asserts a racially hostile work environment during her employment at GEO in that black detention officers, including herself, and black detainees were subject to offensive racial slurs and racial jokes. She also maintains that black detainees were racially segregated. GEO seeks dismissal of Plaintiff's Title VII claim for hostile work environment, pursuant to Fed. R. Civ. P. 12(b)(1), on the basis that it is jurisdictionally deficient because Plaintiff failed to exhaust her administrative remedies.

A plaintiff must exhaust his or her administrative remedies, such as filing a charge with the EEOC, before bringing suit under Title VII. *Aramburu v. Boeing Co.,* 112 F.3d 1398, 1409 (10th Cir. 1997). Requiring exhaustion of administrative remedies "serves to put an employer on notice of a violation prior to the commencement of judicial proceedings. This in turn serves to facilitate internal resolution of the issue rather than promoting costly and time-consuming litigation." *Martinez v. Potter,* 347 F.3d 1208, 1211 (10th Cir. 2003). The failure to file an

administrative Title VII claim before bringing suit is jurisdictionally fatal and requires dismissal pursuant to Fed. R. Civ. P. 12(b)(1). *Shikles v. Sprint/United Mgmt. Co.,* 426 F.3d 1304, 1317 (10th Cir. 2005); *Seymore v. Shawver & Sons, Inc.,* 111 F.3d 794, 799 (10th Cir. 1997).

Plaintiff acknowledges that exhaustion of administrative remedies is a jurisdictional prerequisite to a Title VII action, but contends that her EEOC charge was sufficient to raise her hostile environment claim. Specifically, she relies on her EEOC charge dated April 24, 2008, which indicates that "[b]eginning in or about October 2007, and continuing to the present date, I have been subject to disciplinary actions, have been denied a promotion, and have been subjected to adverse terms and conditions which has created a hostile work environment." Among the specific adverse employment actions listed, the charge alleges that Plaintiff had testified against GEO in another proceedings, but that they had "not taken action to resolve issues of racial slurs made against detainees and discriminatory discipline against employees."

GEO argues that Plaintiff's charge is insufficient to raise a hostile environment claim in that it fails to indicate that *she* was subjected to discriminatory intimidation, ridicule or insult "distinct from the particular discrete denial in training and transfers and that discipline imposed on" her. *Carrero v. Arapahoe County Sheriffs Office,* 2006 WL 2594472 (D. Colo. 2006) (unpublished). In *Carrero v. Arapahoe County Sheriffs Office,* Judge Krieger ruled that the allegation that "I was informed by a co-worker that my supervisor asked daily about my performance and my ethics" was insufficient to give reasonable notice that the plaintiff in that case was alleging a hostile environment claim. In addition, although a supplement to the charge made two mentions of "hostile work environment," Judge Kreiger concluded that the supplement did not actually allege any instances of discriminatory intimidation, ridicule, or insult; rather it

4

used the expression in a "colloquial sense," referring to the plaintiff's perception that his employer was hostile towards him. *Id.; see also Bronakowski v. Boulder Valley School Dist.*, 549 F.Supp.2d 1269, 1279 (D. Colo. 2008)(ruling that the plaintiff failed to raise a hostile work environment claim in his EEOC charge when he alleged that the discrimination took place on a single date, and where there was no mention of a hostile work environment claim or evidence of when the alleged acts creating a hostile work environment occurred).

In response, Plaintiff asserts that her allegation is sufficiently precise to raise a hostile work environment claim in that it identifies the parties and describes generally the actions or practices complained of. *See* 29 C.F.R. § 1601.12(b). In support of her position, Plaintiff cites to *Jones v. United Parcel Service, Inc.,* 502 F.3d 1176, 1186 (10th Cir. 2007), in which the court concluded that the plaintiff's intake questionnaire fulfilled the minimum requirements of 29 C.F.R. § 1601.12(b) and thus constituted a charge. Thereafter, the Tenth Circuit went on to review the adequacy of the allegations in the charge – in relation to the claims raised – after noting that "[a] plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *Id.* (*quoting MacKenzie v. City & County of Denver,* 414 F.3d 1266, 1274 (Colo. 2005); *citing Jones v. Sumser Ret. Vill.,* 209 F.3d 851, 853 (6th Cir. 2000)("the facts alleged in the charge must be sufficiently related to the claim such that those facts would prompt an investigation of the claim")). This means the court must determine whether an investigation into whether the discriminatory claims alleged in the complaint "can reasonably be expected to follow the charge." *Jones v. U.P.S., supra,* 502 F.3d at 1187; *see also*

*Goodner v. Oklahoma Surgery Inc.*, 2008 WL 1902662, 2 (N.D. Okla. 2008)(not published) (ruling that if the EEOC is not reasonably expected to investigate a plaintiff's claim or its underlying factual allegations, a court does not have jurisdiction to consider the matter").

Although I am to liberally construe EEOC charges to determine whether administrative remedies have been exhausted, *see id.* at 1186, Plaintiff's claim that she was subject to a hostile work environment cannot reasonably be expected to follow in an investigation of the acts alleged in the EEOC charge. The charge lists various disciplinary actions and other adverse conditions that she maintains "created" a hostile environment, but it fails to allege any factual basis for her contention in her complaint that she was subject to racial jokes or slurs, nor does she assert any other claim that would support an allegation that her workplace was permeated with discriminatory ridicule. *See Sandoval v. City of Boulder,* 388 F.3d 1312, 1326-27 (10th Cir. 2004)(to assert a hostile work environment claim, a plaintiff must show that "the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment").

The charge clearly alleges that racial slurs were made against detainees, while detention officers were subject to "discriminatory discipline." These incidents of discriminatory discipline make up the body and thrust of the charge. Plaintiff's contention that GEO's failure to take action against racial slurs made as to detainees is insufficient to put GEO on notice of her claim here that she was subject to racial slurs.. Nor does the text of the charge set forth the basis of the claim in order to trigger or fall within the scope of any administrative investigation that might reasonably be expected to grow out of the charges made. *See e.g. Webb v. ATK Thiokol Inc,*

2009 WL 2043853 (D.Utah 2009)(unpublished); *King v. Kempthorne,* 2008 WL 4104130 (D.N.M., 2008)(unpublished). As a result, I conclude that the scope of the allegations raised in the EEOC charge is insufficient to exhaust Plaintiff's administrative remedies of her hostile work environment claim here. Thus, Plaintiff's Title VII hostile work environment claim will be dismissed, pursuant to Fed. R. Civ. P. 12(b)(1), for failure to exhaust her administrative remedies.

**B. Second Cause of Action: Discrimination – Title VII**

In her Second Cause of Action, Plaintiff claims that she was discriminated against, pursuant to Title VII, in the terms and conditions of her employment. Specifically, she asserts that she was restricted on bathroom privileges while white officers were allowed to leave their dormitories and take breaks with greater frequency than she was; she was not given training equal to the level of non-black officers; GEO failed to accommodate her medical requests – along with other black detention officers – while the medical requests of white officers were accommodated; GEO threatened her with suspension if she did not withdraw her March 2008 race-based complaint; and policy infractions were often intentionally overlooked when committed by white officers, while black officers were often disciplined for the same infractions. GEO again seeks dismissal of this claim, pursuant to Fed. R. Civ. P. 12(b)(1), on the basis that it is jurisdictionally insufficient because she failed to exhaust her administrative remedies.

Under Title VII, "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" *National Railroad Passenger Corp. v. Morgan,* 536 U.S. 101, 114, 122 S.Ct. 2061,

153 L.Ed.2d 106 (2002). As a result, each incident of discriminatory treatment constitutes its own "unlawful employment practice" for which administrative remedies must be exhausted. *Martinez v. Potter, supra,* 347 F.3d at 1210 -1211 (*adopting Nat'l R.R. Passenger v. Morgan, supra*).

My review of Plaintiff's EEOC charges reveals that the specific incidents of discrimination alleged in Plaintiff's complaint, as set forth above, were not set out in Plaintiff's EEOC charges. As such, Plaintiff did not exhaust her Title VII claim as to the allegations of discrimination that: her bathroom privileges were restricted; she was not given equal training; her medical requests were not accommodated; she was threatened with suspension if she did not withdraw her March 2008 complaint; and she was unequally disciplined for policy infractions. Because Plaintiff did not exhaust her remedies regarding these alleged unlawful employment practices, her Title VII based claim for discrimination – as set forth in her second claim of her complaint – must also be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

### III. FED. R. CIV. P. 12(b)(6)

GEO also seeks dismissal of Plaintiff's claims under Fed. R. Civ. P. 12(b)(6), which allows a court to dismiss cause of action for "failure to state a claim upon which relief can be granted." When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must assume the truth of all well-pleaded facts in the complaint, and draw all reasonable inferences therefrom in the light most favorable to the plaintiff. *Teigen v. Renfrow,* 511 F.3d 1072, 1078 (10th Cir. 2007); *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996). Thus, a complaint will survive dismissal if it alleges a plausible claim for relief – that is, if the

"[f]actual allegations [are] enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

The concept of "plausibility" at the dismissal stage refers not to whether the allegations are likely to be true; the court must assume them to be true. Rather, "[t]he question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." *Christy Sports, L.L.C. v. Deer Valley Resort Co., Ltd.,* 555 F.3d 1188, 1192 (10th Cir. 2009)(*citing Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008)).

In assessing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the usual rule is that a court should consider no evidence beyond the pleadings. *Alvarado v. KOB-TV, L.L.C.,* 493 F.3d 1210, 1216 (10th Cir. 2007). "If, on a motion under Rule 12(b)(6) . . ., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed.R.Civ.P. 12(d). The parties in this case have both relied on and presented materials outside of the pleading in this case. As such, Plaintiff argues that this motion must be converted to a motion for summary judgment.

There is no requirement, however, that a court automatically convert a motion to dismiss to a motion for summary judgment simply because one or both parties file documents in connection with a motion to dismiss. *PayoutOne v. Coral Mortg. Bankers*, 602 F.Supp.2d 1219, 1227 (D.Colo. 2009). Rather, "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Alvarado v. KOB-TV, supra*, 493 F.3d at 1216 *(quoting Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 941 (10th Cir. 2002)); *see also GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir.1997)("[i]f a document is referenced in

9

and central to a complaint, a court need not convert the motion but may consider that document on a motion to dismiss.). In addition, "facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment." *Tal v. Hogan*, 453 F.3d 1244, 1264 n. 24 (10th Cir.2006).

In deciding this motion, the only evidence I have relied upon outside of the complaint are the relevant underlying EEOC charges which have been referred to and attached to Plaintiff's complaint. As such, I reject Plaintiff's request to convert the motion under Fed. R. Civ. P. 12(d), and I have treated this motion as a motion to dismiss under the legal standard of Fed. R. Civ. P. 12(b)(6).

## A. First Cause of Action: Racially Hostile Work Environment - § 1981

In its motion, GEO seeks dismissal of Plaintiff's § 1981 hostile environment claim, pursuant to Fed. R. Civ. P. 12(b)(6), on two basis. First, GEO argues that Plaintiff has failed to state a factual allegation to support a claim of racially hostile work environment that is plausible on its face. Alternatively, GEO argues that Plaintiff's hostile environment claim violates the applicable four year statute of limitations for § 1981 claims.

To assert a hostile work environment claim, a plaintiff "must show that a rational jury could find that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment," and she "must also produce evidence from which a rational jury could infer that she was targeted for harassment because of her . . . race." *Sandoval v. City of Boulder, supra,* 388 F.3d at 1326-27(citations omitted). A pervasively hostile work environment is not shown "by demonstrating a few isolated incidents of racial enmity or

sporadic racial slurs; [i]nstead, there must be a steady barrage of opprobrious racial comments." *Herrera v. Lufkin Industries, Inc.,* 474 F.3d 675, 680 (10th Cir. 2007).

In her complaint, Plaintiff generally alleges that during her employment she was "subjected to a racially hostile work environment" in that managers and officers "directed racial and ethnic jokes towards [her], other similarly situated black detention officers, and [racial minority] detainees." She specifically alleges that detainees were often referred to by various racial slurs – such as "nigger," "foreign nigger," "monkey," "sand monkey," "wetbacks," and "fucking jews" – and that black officers were referred to as "slaves and thugs by other officers." She further maintains that starting in 2005, "black detainees were being racially segregated" and, also in 2005, GEO "provided baseball shorts [containing] a racial slur." Plaintiff asserted that she filed several internal complaints related to these assertions.

Although most of the factual allegations in her complaint are related to racial slurs lodged against detainees, Plaintiff does assert that black officers generally were referred to as "slaves and thugs by other officers" and that baseball shorts were provided by GEO that contained a racial slur. She avers generally that during her employment (a period of seven and a half years) managers and officers "directed racial and ethnic jokes towards" her, although she does not provide a single specific example.

The allegations in the complaint clearly lack details as to exactly when and how many times such comments occurred. However, when viewed in Plaintiff's favor, they are sufficient to state a claim that her workplace was permeated with discriminatory ridicule and insult, sufficiently severe or pervasive enough to alter the conditions of her employment. *Compare Sandoval v. City of Boulder, supra,* 388 F.3d at 1327 (finding that the plaintiff did not survive

11

summary judgment when she only alleged a single example of intimidation, ridicule, or insult in the form of sexist remarks made by people who were not representatives of the City), *with Martinez v. City and County of Denver*, 2010 WL 1380529 (D. Colo. 2010)(finding that the plaintiff's assertion that throughout his employment he was referred to by demeaning racial epithets – including a specific derogatory comment made toward him – was sufficient to state a hostile environment claim). The allegations in Plaintiff's complaint "give the defendant fair notice of what [the plaintiff's] claim is and the grounds upon which it rests" in order to survive dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Bell Atl. Corp. v. Twombly*, *supra*, 550 U.S. at 555; *Martinez v. City and County of Denver*, *supra* (indicating that granting a motion to dismiss on the severity and pervasiveness of a hostile work environment is would be an extraordinary action).

In so deciding, I decline to address GEO's argument – admittedly raised for the first time in its reply brief – that Plaintiff has failed to state a claim upon which relief can be granted because her § 1981 claim for hostile work environment does not rest on an independent right distinct from those rights created by Title VII. *See Drake v. City of Ft. Collins*, 927 F.2d 1156 (10th Cir. 1991). When a party puts forth new arguments in a reply brief, however, a court may avoid error by choosing not to rely on those arguments in determining the outcome of the motion. *E.E.O.C. v. Outback Steak House of Fla., Inc.,* 520 F.Supp.2d 1250, 1260 (D.Colo. 2007); *see also Transportation Alliance Bank, Inc. v. Arrow Trucking, Co.,* 2010 WL 1727964 (N.D. Okla. 2010)(unpublished). As such, I decline to address GEO newly-raised argument at this time.

As to its assertion that Plaintiff's claim must be dismissed on statute of limitations grounds, GEO contends that Plaintiff's complaint is void of any allegation that she was subject to racial slurs or jokes within the four-year limitations period applicable to § 1981 claims, which commenced on February 12, 2006 and ended on February 12, 2010, the day she filed her complaint. In response, Plaintiff argues that she makes several allegations of racial slurs against her in the complaint, and that those allegations "occurred between May 2006 and April 2008, [which is] well within the four year statutory period under § 1981."

The parties agree that Plaintiff's hostile work environment claim under § 1981 is subject to a four year statute of limitations. *See Harris v. Allstate Ins. Co.,* 300 F.3d 1183, 1186 (10th Cir. 2002)(*citing* 28 U.S.C. § 1658); *Ware v. Union Pacific R. Co. Omaha,* 278 F.Supp.2d 1263, 1266 (D. Kan. 2003). In addition, Fed. R. Civ. P. 12(b)(6) is a proper vehicle for dismissing a complaint that, on its face, indicates the existence of an affirmative defense such as noncompliance with the limitations period. *Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1310 n .3 (10th Cir. 1999), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan, supra*. In asserting a § 1981 claim, the Tenth Circuit holds that "consideration of the entire scope of a [§ 1981] racially hostile work environment claim, including behavior alleged outside the statutory time period, is permissible for the purposes of assessing liability, so long as an act contributing to that hostile environment takes place within the statutory time period." *Nat. R.R. Passenger Corp. v. Morgan*, *supra,* 536 U.S. at 105.

Plaintiff's complaint is silent as to the precise timing, but generally alleges that the hostile work environment was present during the term of her employment which terminated in July of 2008. This date falls within the relevant filing periods and, as discussed above, only one act

13

contributing to that hostile environment has to take place within the statutory time period. *See Nat'l R.R. Passenger Corp. v. Morgan, supra,* 536 U.S. at 105. Thus, because it is not clear from the face of the complaint that Plaintiff's hostile work environment claim is time-barred, GEO's motion to dismiss on statute of limitations grounds must be denied at this time. *See Bullington v. United Air Lines, supra,* 186 F.3d at 1310 n .3 (ruling that dismissing a claim on the basis of a statute of limitations defense, under Fed. R. Civ. P. 12(b)(6), is only proper where that defense is clear from the face of the complaint); *see also Martinez v. City and County of Denver, supra.*

## IV.  MISCELLANEOUS

### A.  Factual Allegations

GEO seeks dismissal of two factual allegations of discrimination contained in Paragraphs 25 and 28 of Plaintiff's complaint.   Specifically, Plaintiff alleges that she received a negative performance evaluation (paragraph 25) and that black officers were given less desirable graveyard and swing shifts (paragraph 28).  It is unclear which claims for relief these allegations support. However, GEO requests that I strike them on the basis that they were not exhausted pursuant to Title VII or that they should be dismissed as allegations under § 1981 for failure to state a claim as they do not rise to the level of an adverse employment action.

Again, it is not clear as to what cause of action these factual allegations relate.  It is clear, however, that neither of these allegations were raised in Plaintiff's EEOC charges and, as a result, cannot be a basis for Plaintiff's discrimination claims raised under Title VII.  Consequently, because I have determined that Plaintiff has failed to exhaust her administrative remedies for the allegations underlying her First & Second Claim for Relief for hostile work environment and discrimination, those claims are no longer viable under Title VII and must be dismissed pursuant

to Fed. R. Civ. P. 12(b)(1).

Because I have likewise determined that Plaintiff's First & Second Claim for Relief for hostile work environment and discrimination should not be dismissed, pursuant to Fed. R. Civ. P. 12(b)(6), to the extent they assert claims under § 1981, I do not strike the factual allegations raised in Paragraphs 25 and 28 at this time. GEO's argument that these allegations cannot support a § 1981 claim because they do not, as a matter of law, rise to the level of an adverse employment action, is a summary judgment determination. *See e.g. Tapia v. City of Albuquerque*, 170 Fed.Appx. 529, 2006 WL 308267 (10th Cir. 2006)(not selected for publication)(what constitutes an "adverse employment action" is inherently a fluid and fact-based consideration); *Mirzai v. State of New Mexico General Services Dept.*, 506 F.Supp.2d 767, 786 (D.N.M. 2007)(the Tenth Circuit takes a case-by-case approach to determining an adverse employment action).

## B.  Eighth Cause of Action: Outrageous Conduct

Finally, I address GEO's request – raised for the first time in its reply brief – seeking dismissal of Plaintiff's state law claim for outrageous conduct (Eighth Claim for Relief) pursuant to Fed. R. Civ. P. 12(b)(6). Specifically, GEO argues that this claim should be dismissed for failure to state a claim because the complaint does not contain a factual allegations separate and differing from those alleged in the other claims. Again – irrespective of GEO's indication that it has "no objection" to Plaintiff being given the "opportunity to respond" – I decline to address this request and argument raised for the first time in GEO's reply brief. *See E.E.O.C. v. Outback Steak House of Fla., supra.*

ACCORDINGLY, for the reasons stated above, I GRANT IN PART and DENY IN PART GEO's Motion For Partial Dismissal [**Doc # 5**] as follows:

1. Plaintiff's First Claim for Relief for Racially Hostile Work Environment – raised under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.* – is DISMISSED pursuant to Fed. R. Civ. P. 12(b)(1);

2. Plaintiff's Second Claim for Relief for Discrimination in Terms and Conditions of Employment – raised under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.* – is DISMISSED pursuant to Fed. R. Civ. P. 12(b)(1); and

3. The remaining relief requested is DENIED.

Dated: June   30  , 2010, in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE