IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00306-LTB-KLM

VELMA UNDERWOOD,

    Plaintiff,

vs.

THE GEO GROUP, INC.,

    Defendant.

---

**STIPULATED PROPOSED PROTECTIVE ORDER
CONCERNING CONFIDENTIAL INFORMATION AND USE OF DISCOVERY IN
RELATED CASE**

---

THE PARTIES, by and through their attorneys, stipulate to entry of this Protective Order, as follows:

1. The above-entitled matter ("Underwood Case") is related to <u>Andrews v. GEO Group, Inc.</u>, Civil Action No. 10-cv-02605-MSK-MJW (D.Colo.) ("Andrews Case"). This Protective Order applies to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed in the Underwood Case and the Andrews Case pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure. An identical order is being proposed in the Andrews Case.

2.  As used in this Protective Order, the term "document" has the meaning set forth in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.  Any party may, at any time, designate a served, disclosed, or filed document "Confidential" if, after review by a lawyer, the lawyer certifies that the designation as "Confidential" is based on a good faith belief that the document contains nonpublic personal, personnel, employment, financial and/or tax records, medical, or other information implicating privacy or proprietary interests of either the Plaintiff, the Defendants or a third party. The documents so designated will be deemed "Confidential Material" subject to this Protective Order.

4.  Confidential Material is subject to the following restrictions. Confidential Material may be used only for the limited purpose of preparing for and conducting the civil action in the Underwood Case and the Andrews Case (including any appeals), and must not be disclosed in any way to anyone except:

(a)  attorneys actively working on this case;

(b)  persons regularly employed or associated with the attorneys actively working on this case;

(c)  the parties, including Defendants' designated representatives and insurers;

(d)  stenographic reporters who are engaged in proceedings in this action;

(e)  the Court and its employees ("Court Personnel");

(f)  retained expert witnesses and consultants;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties;

5. For any disclosures under Paragraph 4(f) through (h), the person to whom the Confidential Information is being disclosed, including Plaintiff Underwood and Plaintiff Andrews, must first review a copy of this Protective Order and counsel shall obtain verbal or written agreement from such person that he or she will be bound by its provisions. Both Plaintiff Velma Underwood and Plaintiff Kim Andrews agree to be bound by this confidentiality order and understand that their private and confidential medical and financial information will be available to each other.

6. This Protective Order does not prohibit or restrain any party from performing the tasks necessary to conduct discovery or prepare for trial. Rather, this Protective Order is designed to prevent the unwarranted disclosure of Confidential Material.

7. All materials and evidence produced by any party or obtained from any non-party during discovery in the Underwood Case or the Andrews Case, including without limitation, documents, interrogatories, admissions and depositions, of whatever nature, including CONFIDENTIAL materials and evidence, may be used in the litigation and at trial in both the Underwood Case and the Andrews Case pursuant to the procedures set forth herein. By agreeing to this use of discovery, the parties are not waiving any evidentiary objections in either case including relevance and admissibility objections. Further, in propounding and answering discovery and taking depositions, the parties (Andrews, Underwood and GEO Group) agree to try to maximize efficiencies    KLM

3

and avoid, if possible, duplication of discovery and depositions.

8. No documents containing Confidential Material may be reproduced except as necessary in the litigation of the Underwood Case or the Andrews Case.

9. Any copy of a document containing or summarizing Confidential Information must be stamped "CONFIDENTIAL". The inadvertent, unintentional, or *in camera* disclosure of Confidential Material will not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of confidentiality.

10. Counsel must advise, instruct, and supervise their associates, staff, and employees to preserve the confidentiality of Confidential Material. Counsel must also advise their clients about the requirements of this Protective Order.

11. Documents are designated as Confidential Material by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

12. Whenever deposition testimony involves the disclosure of Confidential Material, the testimony should be identified on the record as Confidential wherever possible. Those portions of the original transcripts that contain Confidential Material shall bear the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," at the beginning of the text which has been designated CONFIDENTIAL and the cover page of the transcripts that contain Confidential Material shall bear the legend "CONTAINS CONFIDENTIAL PORTIONS." A party may later designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly

given to all counsel of record within thirty (30) days after the court reporter has notified counsel that the deposition transcript has been completed.

13. A party may object to the designation of a document as Confidential Material by giving written notice to the designating party. The written notice must identify the information to which objection is made. If the parties cannot resolve the objection within ten (10) business days after notice is received, the designating party may file an appropriate motion seeking a ruling from the Court whether the disputed information should be deemed Confidential Material. The disputed information must be treated as Confidential Material until the Court rules on the motion, a motion on which the designating party will bear the burden of establishing good cause to treat the information as Confidential. If the designating party fails to timely file such a motion, the disputed information will lose its designation as Confidential Material.

14. The obligation to preserve the confidentiality of Confidential Material survives the termination of this action, except for Confidential Material that is disclosed at trial. The Court will retain continuing jurisdiction to enforce the terms of this Protective Order.

15. In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in accordance with the requirements of D.C.COLO.LCiv.R 7.2 and 7.3.

16. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

17. Nothing in this Protective Order will prevent any party or other person from

seeking modification of this order or from objecting to discovery that the party or other person believes to be improper. Nothing in this Protective Order will prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of confidential documents or information sought.

DATED this 10TH day of February 2011.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

APPROVED AS TO FORM:

s/ Marc L. Schatten

Marc L. Schatten
1120 Lincoln Street, Suite 1000
Denver, Colorado 80203
Tel: (303) 388-3200
Fax: (720) 306-2359
Email: mls@denverlawfirm.com

*Attorney for Plaintiff*

/s/ Shelby A. Felton

David R. DeMuro
Shelby A. Felton
VAUGHAN & DEMURO
3900 E. Mexico Avenue, Suite 620
Denver, CO 80210
(303) 837-9200
ddemuro@vaughandemuro.com
sfelton@vaughandemuro.com

*Attorneys for Defendant The GEO Group, Inc.*