IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 10-cv-00306-LTB-KLM

VELMA UNDERWOOD,

        Plaintiff,

v.

THE GEO GROUP, INC.,

        Defendant.

_____

ORDER
_____

        This matter is before me on a Second Expedited Motion to Clarify and Amend Complaint filed by Plaintiff, Velma Underwood, in which she seeks leave to amend her complaint. [**Doc # 44**] Defendant, The GEO Group, Inc. ("GEO"), opposes the relief requested. Oral arguments would not materially assist me in the determination of this motion. After consideration of the parties' arguments, and for the reasons stated below, I DENY the motion as follows.

## I. BACKGROUND

        This case involves Plaintiff's claims of employment discrimination asserted against GEO, her former employer. GEO operates a private secure detention center that provides housing to alleged illegal aliens awaiting administrative hearings pertaining to deportation. Plaintiff is an African-American female who began employment at GEO, as a detention officer, on or about January 19, 2001 until her termination on July 28, 2008. Plaintiff filed her initial complaint against GEO on February 12, 2010, seeking damages related to her alleged wrongful termination. In addition, Plaintiff was granted leave to amend her complaint, on March 14,

2011, to add liquidated damages to her claim for relief on an unopposed motion.

In this motion, Plaintiff again requests to amend her complaint.  Specifically, she seeks to "clarify" her Sixth Claim for Relief entitled "Violation of the Family Medical Leave Act (29 U.S.C. § 2601, *et seq.*)."  GEO opposes this request.

## II.  LAW

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave" once a responsive pleading has been filed, but the court is to "freely give leave [to amend] when justice so requires."  A court may refuse to grant leave to amend, however, based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir.2006)(*quoting Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

When the deadline for amending pleadings set in the scheduling order has passed, as is the case here, Federal Rule of Civil Procedure 16(b)(4) is also implicated.  That rule provides that a scheduling order "may be modified only for good cause and with the judge's consent."  *Id.*  Thus, I am to apply a two-step analysis based on both Rule 16(b)(4) and Rule 15(a)(2) when deciding a motion to amend a complaint filed past the scheduling order deadline.  I first determine whether the moving party has established "good cause" within the meaning of Rule 16(b)(4), so as to justify allowing the untimely motion.   After determining that good cause has been established, I then assess whether the more liberal Rule 15(a) standard for amendment has

been satisfied. *Pumpco, Inc. v. Schenker Intern., Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001).

### III. ANALYSIS

In this motion, Plaintiff seeks to amend her Sixth Claim for Relief, which alleges that GEO violated her rights under the Family Medical Leave Act, § 2601 *et. seq* (the "FMLA"). Plaintiff seeks to "clarify" that this claim (Claim VI) constitutes an "interference" claim under the FMLA; specifically, she seeks to allege (in Paragraph 89) that GEO "interfered with Plaintiff's rights under the FMLA." In addition, she maintains that her complaint also alleges a FMLA "retaliation" claim and, as such, her proposed Second Amended Complaint includes an additional claim (Claim VII) for "Retaliation Against Plaintiff for Exercising Rights Under The [FMLA]." In its response to the motion, GEO indicates that it understands and interprets Plaintiff's Sixth Claim for Relief as an attempt to assert a claim of interference under the FMLA. However, GEO takes issue with Plaintiff's request to the extent that it adds a new claim for relief for retaliation under the FMLA.

The Tenth Circuit recognizes two theories of recovery under 29 U.S.C. § 2615(a) of the FMLA: 1) an interference (or entitlement) theory arising from 29 U.S.C. § 2615(a)(1); and 2) a retaliation (or discrimination) theory arising from 29 U.S.C. § 2615(a)(2). *Metzler v. Fed. Home Loan Bank of Topeka,* 464 F.3d 1164, 1171 (10th Cir. 2006)(*citing Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 960 (10th Cir. 2002)). "The distinction between these two theories is important because the elements . . . that apply to § 2615(a)(1) claims differ from those that apply to § 2615(a)(2) claims." *Id.* To state a claim for interference under the FMLA, a plaintiff must allege: "(1) that [s]he was entitled to FMLA leave, (2) that some adverse action by the employer interfered with h[er] right to take FMLA leave, and (3) that the employer's action was

related to the exercise or attempted exercise of h[er] FMLA rights." *Campbell v. Gambro Healthcare, Inc.*, 478 F.3d 1282, 1287 (10th Cir. 2007)(*quoting Jones v. Denver Pub. Sch.*, 427 F.3d 1315, 1319 (10th Cir. 2005)).  To state an FMLA retaliation claim, a plaintiff must allege that: "(1) she engaged in a protected activity; (2) [the employer] took an action that a reasonable employee would have found materially adverse; and (3) there exists a causal connection between the protected activity and the adverse action." *Campbell v. Gambro Healthcare, supra,* 478 F.3d at 1287 (*quoting Metzler v. Fed. Home Loan Bank, supra,* 464 F.3d at 1171).   In addition, retaliation claims are analyzed under the burden-shifting architecture of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973), whereas the employer bears the burden of proof on the third element of an interference claim once the plaintiff has shown his or her FMLA leave was interfered with.  *Campbell v. Gambro Healthcare, supra,* 478 F.3d at 1287.

In reviewing Plaintiff's motion, I first assess whether Plaintiff has show good cause to justify this untimely request to amend under Fed. R. Civ. P. 16(b)(4).  The good cause standard "does not focus on the bad faith of the movant, or the prejudice to the opposing party[; r]ather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Pumpco, Inc. v. Schenker Intern., supra,* 204 F.R.D.  at 668.   Good cause means that scheduling deadlines cannot be met despite a party's diligent efforts.  Thus "this court may modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension [and] carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  *Id.* (quotations and citations omitted).  The good cause standard of Rule 16 "is much different than the more lenient standard contained in Rule 15(a)." *Id.*

Plaintiff has provided no justification for missing the November 30, 2010 deadline for amendment of pleadings in the scheduling order, and there is no assertion that new facts have come to light necessitating this amendment. *See Frank v. U.S. West, supra,* 3 F.3d at 1366 (ruling that "untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay"); *Am. Fair Credit Ass'n v. United Credit Nat. Bank,* 132 F. Supp. 2d 1304, 1309-10 (D. Colo. 2001)("[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial"). Rather, Plaintiff characterizes her request to amend as a "clarification" of her complaint in order to make clear that she is asserting both an interference claim and a retaliation claim under the FMLA. Plaintiff asserts that her complaint sets forth all of the required legal elements for both an interference and a retaliation claim under the FMLA – and that GEO was fully apprised of both claims – by alleging that GEO unlawfully terminated her while she was on FMLA leave. GEO maintains that, contrary to Plaintiff's argument, her proposed complaint seeks to add a claim for FMLA retaliation in that this new claim is not "implicit" from the original complaint, and Plaintiff "does not cite a single statement from either complaint demonstrating that implicitness of the supposed retaliation claim."

My review of Plaintiff's complaint reveals that she only alleged a claim for interference. FMLA claims for interference and retaliation differ with respect to the timing of the adverse action alleged. "In order to satisfy the second element of an interference claim, the employee must show that she was prevented from taking the full 12 weeks' of leave guaranteed by the FMLA, denied reinstatement following leave, or denied initial permission to take leave."

*Campbell v. Gambro Healthcare, supra,* 478 F.3d at 1287 (*citing Metzler v. Fed. Home Loan Bank, supra,* 464 F.3d at 1181; 29 C.F.R. § 825.216(a)(1)).  "In contrast, a retaliation claim may be brought when the employee successfully took FMLA leave, was restored to her prior employment status, and was adversely affected by an employment action based on incidents post-dating her return to work."  *Campbell v. Gambro Healthcare, supra,* 478 F.3d at 1287 -88 *(citing Doebele v. Sprint/United Mgmt. Co.,* 342 F.3d 1117, 1136-38 (10th Cir. 2003)).

There are no factual allegations in either complaint filed by Plaintiff that she was restored to her prior employment status following her FMLA leave, and then was adversely affected by an employment action based on incidents post-dating her return to work.  *See Campbell v. Gambro Healthcare, supra,* 478 F.3d at 1287-8 (a retaliation claim may be brought when the employee "was adversely affected by an employment action based on incidents post-dating her return to work").  In addition, I note that Plaintiff's complaint specifically alleged only that she was discharged in retaliation for her complaints of race discrimination, and the filing of discrimination charges, not that she was discharged for exercising her FMLA rights.  Thus, I agree with GEO that Plaintiff has not alleged facts suggesting a retaliation claim.  As such, the request is not a clarification, but rather constitutes a request to add a FMLA retaliation claim that is unsupported by the factual allegations.  *See Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006)(ruling that under Fed.R.Civ.P. 15(a), "the district court may deny leave to amend where amendment would be futile[; a] proposed amendment is futile if the complaint, as amended, would be subject to dismissal").

Therefore, I conclude that Plaintiff has not shown good cause to warrant amendment of her complaint, pursuant to Fed. R. Civ. P. 16(b)(4) and, in addition, that her proposed amendment would be futile under Fed. R. Civ. P. 15(a).

ACCORDINGLY, I DENY the Second Expedited Motion to Clarify and Amend Complaint filed by Plaintiff, Velma Underwood [**Doc # 44**].

Dated: July   1  , 2011  in Denver, Colorado.

BY THE COURT:

    s/Lewis T. Babcock
LEWIS T.  BABCOCK, JUDGE