IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 10-cv-00306 - LTB - KLM

VELMA UNDERWOOD,

Plaintiff,

v.

THE GEO GROUP, INC.,

Defendant.

---

ORDER

---

This case is before me on Defendant's Motion for Review of Taxation of Costs [Doc # 140]. After consideration of the motion, all related pleadings, and the case file, I grant Defendant's motion in part and deny it in part as set forth below.

**I. Background**

As the prevailing party in this case, Defendant sought an award of $31,149.63 in costs [Doc # 131]. After a hearing on April 12, 2012, the Clerk taxed costs against Plaintiff in the amount of $6,648.92 [Doc # 133]. Defendant now asks the Court to tax an additional $23,934.73 in costs against Plaintiff. The additional costs requested by Defendant consist of (1) $1,552.71 in additional deposition costs; (2) $1,762.20 in witness fees; (3) $1,067.50 in fees charged for the deposition of Plaintiff's expert witness; and (4) $19,552.32 in other costs including expert witness fees and trial presentation costs.

## II. Standard of Review

Section 1920, 28 U.S.C., allows for the taxation of witness fees and of transcript, exemplification, and copying costs if these materials were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2)(3) & (4).

The "necessarily obtained for use in the case" standard is one of reasonableness based on the particular facts and circumstances at the time the costs were incurred. *In re Williams Securities Litigation - WCG Subclass,* 558 F.3d 1144, 1148, (10th Cir. 2009). This standard does not allow for the recovery of costs that merely added to the convenience of counsel or the court or for materials produced solely for discovery. *Id.* at 1147. Whether materials were necessarily obtained for use in the case is a question of fact left to my discretion. *Id.* at 1149. This discretion should, however, be "sparingly exercised with reference to expenses not expressly allowed by statute." *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1576 (10th Cir. 1997).

The party seeking an award of costs bears the burden of showing the necessity of the costs incurred. *Allison v. Bank One – Denver,* 289 F.3d 1223, 1248 (10th Cir. 2002).

### A. Deposition Costs

The Clerk rejected Defendant's request for costs for the deposition transcripts of Lieutenant George Labatto and Alson Kanahele because these transcripts were not cited in the motions for summary judgment or used for impeachment at trial. Defendant argues that these transcripts were nonetheless necessarily obtained for use in the case because both of these witnesses were identified as possible witnesses by Plaintiff in the Final Pretrial Order and shortly before trial.

Section 1920's authorization of deposition costs is broader than that taxed by the Clerk. *See In re Williams*, 558 F.3d at 1149 ("[A]ny rule that permits costs only for depositions received in evidence or used by the court in ruling on a motion for summary judgment is narrower than Section 1920."). Plaintiff noticed the depositions of both Lt. Labatto and Mr. Kanahele and identified them as possible trial witnesses just prior to the commencement of trial. Under these circumstances, I conclude that the subject deposition transcripts were necessarily obtained by Defendant for use in the case. The associated costs in the amount of $345.71 are therefore taxable to Plaintiff.

As for Plaintiff's videotaped deposition, the Clerk declined to award Defendant the associated costs because the video was not presented at trial. Even under the broader authorization of Section 1920, I am unconvinced that the videotaped deposition was necessarily obtained for use in the case. Rather, Plaintiff 's trial testimony and that of other witnesses were sufficient to demonstrate Plaintiff's alleged hostility and demeanor. I therefore decline to tax videotape transcript costs in the amount of $1,207.00 against Plaintiff.

**B. Witness Fees**

The Clerk awarded Defendant $40 as a witness for Plaintiff's treating physician, Ifeoma Elauzu, M.D., pursuant to 28 U.S.C. § 1821(b). Defendant now seeks an award of the remaining $710 charged by Dr. Elauzu pursuant to 42 U.S.C. § 2000e-5(k) which states that "[i]n any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, ..., a reasonable attorneys fee (including expert witness fees) as part of the costs ...."

Expert witness fees can only be awarded under § 2000e-5(k) if Plaintiff's claims "[were] brought in bad faith, or [were] frivolous, unreasonable, or without foundation." *Sorbo v. United*

*Parcel Service,* 432 F.3d 1169, 1181 (10th Cir. 2005) (citations omitted). In its reply, Defendant attempts to establish that all of Plaintiff's Title VII claims were without merit based on the disposition of these claims. Plaintiff's failure to prevail on these claims in various contexts does not, however, show that her claims as a whole were frivolous, unreasonable, or without foundation. I therefore decline to tax an additional $710 for Dr. Elauzu's fees against Plaintiff.

Defendant also argues that it should be awarded the remainder of Dr. Elauzu's fees under 28 U.S.C. § 1920(3). Even if expert witness fees are recoverable under this statutory provision, *see Seybold v. Cooke,* 2010 WL 2543572 at *3 (D. Colo. June 22, 2010), I decline to tax Plaintiff an additional $710 in witness fees for Dr. Elauzu's testimony at trial.

Defendant next seeks to recover $1,000.20 in airline transportation costs for two out-of-state trial witnesses, James Black and Ron Nardolillo. The Clerk only awarded Defendant mileage fees of $0.51 per mile for 100 miles for these witnesses for a total of $204. Although travel costs beyond a 100 mile radius may be awarded to a prevailing party, such an award is left to my discretion. *Fleet Inv. Co., Inc. v. Rogers,* 620 F.2d792, 794 (10th Cir. 1980). In the exercise of that discretion, I decline to tax Plaintiff and additional $1,000.20 for the travel expenses of Mr. Black and Mr. Nardolillo.

Finally, Defendant seeks an award of $52 in mileage fees for the custodian of records for Kaiser Permanente. The Clerk declined to award these fees because the records custodian did not testify at trial. Defendant notes, however, that the presence of the records custodian was nonetheless necessitated by Plaintiff's refusal to stipulate to the authenticity of her medical records prior to and during the course of the trial. The issue became moot when Plaintiff failed to object when Defendant offered these records into evidence during the testimony of various

other witnesses. Because Plaintiff is responsible for the mileage fees incurred by Defendant to procure the attendance of the records custodian for Kaiser Permanente at trial, an additional $52 will be taxed against Plaintiff.

**C. Fees for the Deposition of Plaintiff's Expert**

Relying on 42 U.S.C. § 2000e-5(k), Defendant seeks to recover the $1,067.50 deposition fee charged by Plaintiff's expert, Robert Atwell, Psy.D. Again, expert witness fees can only be awarded under § 2000e-5(k) if Plaintiff's claims "[were] brought in bad faith, or [were] frivolous, unreasonable, or without foundation." *Sorbo,*, 432 F.3d at 1181 (10th Cir. 2005). This standard is not met in this case, and I therefore decline to tax $1,067.50 for Mr. Atwell's fees against Plaintiff.

In the alternative, Defendant argues that it should be awarded the $40 witness fee authorized by 28 U.S.C. § 1821(b) for Mr. Atwell's deposition. I agree and therefore tax an additional $40 against Plaintiff.

**D. Other Costs**

Defendant first seeks to recover $10,625.00 in costs charged by William Hansen, Psy.D., the mental health expert it retained to refute Plaintiff's claim for emotional distress damages, pursuant to 42 U.S.C. § 2000e-5(k). I decline to award costs under this statutory provision as previously discussed.

Defendant next seeks to recover $490 in costs for synchronizing the video and text of Plaintiff's deposition. I have already concluded that Defendant did not meet its burden of demonstrating that the videotaped deposition of Plaintiff was necessarily obtained for use in the

case. I likewise conclude that the costs incurred synchronizing the video and text of Plaintiff's deposition was not a necessary expense taxable to Plaintiff.

Finally, Defendant seeks to recover $8,437.32 in charges by Visual Advantage, a third-party vendor that operated the software for Defendant's electronic presentation of exhibits at trial. While the services provided by Visual Advantage were no doubt helpful to the presentation of Defendant's defense of this case, I am unable to conclude that these services were necessary in light of the technology in the courtroom that was available for use by the parties. I therefore conclude that the Clerk correctly determined that the charges for these services were not taxable to Plaintiff.

## IV. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

1. Defendant's Motion for Review of Taxation of Costs [Doc # 140] is GRANTED IN PART and DENIED IN PART; and

2. Defendant shall be awarded an additional $437.71 in costs for a total cost award in the amount $7,086.63 taxed against Plaintiff.

Dated: June 8, 2012.

BY THE COURT:

s/Lewis T. Babcock
Lewis T. Babcock, Judge